# Third District Court of Appeal
## State of Florida

Opinion filed May 13, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-2132
Lower Tribunal No. B24-11936
_____

**Angela Currington,**
Appellant,

vs.

**State of Florida,**
Appellee.

An Appeal from the County Court for Miami-Dade County, Kristy Nuñez, Judge.

Carlos J. Martinez, Public Defender, and Maria E. Lauredo, Chief Assistant Public Defender, for appellant.

James Uthmeier, Attorney General, and Camilo Montoya, Assistant Attorney General, for appellee.

Before FERNANDEZ, LOGUE and LINDSEY, JJ.

FERNANDEZ, J.

Angela Currington appeals the county court's judgment and sentence, requesting this Court to reverse the judgment with directions to strike costs. Upon review of the record and the State's partial concession of error, we affirm in part the judgment as to $138 in costs and reverse in part and remand for the sole purpose of striking the remaining costs.

Currington was found guilty of violating Miami Beach ordinance 82-2 titled, "Closing public parks, beaches, golf courses during certain hours," as a result of being in a public park after hours. As part of her sentence, the court assessed and imposed a total of $313 in costs or fees. The underlying details of the incident are not relevant to this appeal as Currington appeals only the costs.

On March 24, 2025, Currington filed a motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b). The motion was deemed denied after the sixty-day period for ruling on the motion expired. See Fla. R. Crim. P. 3.800(b)(2)(B). Currington now appeals that denial.

"A motion to correct a sentencing error is reviewed de novo." Shaw v. State, 418 So. 3d 183, 185 (Fla. 4th DCA 2025) (quoting Bailes v. State, 382 So. 3d 1, 5 (Fla. 4th DCA 2024)).

On appeal, Currington argues that the county court imposed "a number" of costs that do not apply to municipal ordinance violations. Specifically, Currington argues the charges for "Crimes Compensation Trust Fund," "Additional Court Costs," "Costs of Prosecution," "Crime Stoppers," and "Cost of Defense" do not apply to noncriminal municipal ordinance violations.[1] The State conceded error to a majority of the costs disputed by Currington leaving only section 938.06, Florida Statutes (2024), "Cost for Crime Stoppers Programs," and section 938.29, Florida Statutes (2024), "Cost of Defense" in dispute.

Crime Stoppers ($20) applies to "any criminal offense," pursuant to section 938.06. Cost of Defense ($50) applies to "a criminal act or a violation of probation or community control," pursuant to section 938.29. Currington argues that Miami Beach ordinance 82-2 titled, "Closing public parks, beaches, golf courses during certain hours," is not a criminal offense or act.

Because Miami Beach Ordinance 1-14 permits a violation of 82-2 to be punished by imprisonment for a term not exceeding sixty (60) days and since the violation of 82-2 could have been punished by incarceration, it follows that this ordinance is penal or criminal in nature and not civil. See State v. Coleman, 320 So. 3d 890, 891 (Fla. 2d DCA 2021) ("Because a violation of

---

[1] Currington does not dispute the other costs imposed by the county court.

3

the ordinance is punishable by criminal penalties including up to sixty days in jail, it regulates conduct that is criminal in nature.").

Moreover, in Wight v. City of Miami Beach, 423 So. 3d 1002 (Fla. 3d DCA 2025), this Court explicitly held, "[T]he Miami Beach ordinance, which prohibits a person from being or remaining in a public beach during certain hours, is a 'public welfare offense.'" Id. at 1005. This determination was in the context of whether mens rea was an element of the offense, and earlier in the opinion, the Court provided the standard of review for determining "the trial court's determination of the elements of a criminal offense[.]" Id. at 1004. Based on the precedent of this Court, a violation of Miami Beach ordinance 82-2 is a criminal act subject to the costs of section 938.06, "Crime Stoppers," and section 938.29, "Cost of Defense."

Upon review of the record and the State's partial concession of error, we affirm in part the judgment as to $138 in costs and reverse in part and remand for the sole purpose of striking the remaining costs.

Affirmed in part; reversed in part and remanded with instructions.